1  **Timothy J. Conway**, OSB No. 851752 (Lead Attorney)
   Direct Dial: (503) 802-2027
2  Facsimile: (503) 972-3727
   E-Mail: tim.conway@tonkon.com
3  **Ava L. Schoen**, OSB No. 044072
   Direct Dial: (503) 802-2143
4  Facsimile: (503) 972-3843
   E-Mail: ava.schoen@tonkon.com
5  **TONKON TORP LLP**
   1600 Pioneer Tower
6  888 S.W. Fifth Avenue
   Portland, OR 97204

   Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Peak Web LLC,<br><br>Debtor. | Case No. 16-32311-pcm11 |
| Mark Calvert, Litigation Trustee of the Peak Web Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>Amur Equipment Finance, Inc., fka Axis Capital Inc., a Nebraska corporation,<br><br>Defendant. | Adv. Proc. No.<br><br>**COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550** |

Mark Calvert, the duly-appointed Litigation Trustee of the Peak Web Litigation Trust created by this bankruptcy case (the "Litigation Trustee "), brings this adversary proceeding against Amur Equipment Finance, Inc., fka Axis Capital Inc. ("Defendant") to avoid and recover avoidable transfers pursuant to 11 U.S.C. §§ 547 and 550 and alleges as follows:

* * *

**Page 1 of 5** - COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 547 and 550.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157.

3. Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for relief requested in this Complaint are 11 U.S.C. §§ 544, 547 and 550, and Federal Rule of Bankruptcy Procedure 7001.

## BACKGROUND AND PARTIES

5. On June 13, 2016 (the "Petition Date"), Peak Web LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

6. On April 14, 2017, this Court entered an Order Confirming Debtor's Revised Second Amended Plan of Reorganization (the "Plan'") dated February 10, 2017 [ECF No. 634]. Pursuant to Section 1.41 of the confirmed Plan, the Litigation Trustee has the proper authority to bring this action.

7. Upon information and belief, Defendant is a Nebraska corporation doing business in Oregon.

8. Defendant either received transfers of property from Debtor during the Preference Period (as defined below) or was the beneficiary of such transfers.

9. Despite demand, Defendant has not paid to the Litigation Trustee the Transfers.

\* \* \*

\* \* \*

\* \* \*

\* \* \*

**Page 2 of 5** - COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03052-pcm    Doc 1    Filed 05/30/18

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### COUNT I

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

10. The Litigation Trustee realleges and incorporates by reference all prior paragraphs as if set forth fully herein.

11. On or within 90 days before the Petition Date (the "Preference Period"), Debtor transferred to Defendant property in which Debtor had an interest (individually and collectively, the "Transfers").

12. A schedule identifying the Transfers is attached as **Exhibit 1** and incorporated by reference.

13. Each of the Transfers constitutes a transfer of an interest in property of Debtor.

14. Defendant was a creditor of Debtor at the time of each Transfer.

15. Each of the Transfers was made to or for the benefit of Defendant because the Transfers either reduced or fully satisfied a debt then owed by Debtor to Defendant.

16. Each of the Transfers was made for, or on account of, an antecedent debt owed by Debtor before such Transfers were made (the "Debt").

17. At the time of the Transfers, Debtor was insolvent within the meaning of 11 U.S.C. § 101(32).

18. The Transfers enabled Defendant to receive more than Defendant would have received if (a) Debtor's case was a case under Chapter 7 of the Code, (b) the Transfers had not been made, or (c) Defendant received payment on the Debt to the extent provided by the provisions of the Code.

19. Each of the Transfers constitutes an avoidable preference within the

**Page 3 of 5** - COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440
Case 18-03052-pcm    Doc 1    Filed 05/30/18

meaning of 11 U.S.C. § 547.

20. The Litigation Trustee is entitled to judgment against Defendant avoiding the Transfers under 11 U.S.C. § 547.

**COUNT II**

**(Recovery of Transfers Pursuant to 11 U.S.C. § 550)**

21. The Litigation Trustee realleges and incorporates all prior paragraphs of this Complaint as if set forth fully herein.

22. Defendant was the initial transferee of the Transfers, or the immediate or mediate transferee of the initial Transfers, or the person for whose benefit the Transfers were made.

23. The Transfers, to the extent they are avoided pursuant to 11 U.S.C. § 547, may be recovered by the Litigation Trustee pursuant to 11 U.S.C. § 550(a).

24. The Trustee is entitled to prejudgment interest.

**RELIEF REQUESTED**

WHEREFORE, the Litigation Trustee prays for judgment as follows:

1. Avoiding the Transfers under 11 U.S.C. § 547(b);

2. Pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to the Litigation Trustee an amount to be determined at trial that is not less than the full amount of the Transfers;

3. Granting judgment in favor of the Litigation Trustee and against Defendant in an amount equal to the aggregate amount of the Transfers, plus applicable prejudgment interest;

4. Directing that no payments be made on account of any allowed claims of Defendant against Debtor pursuant to 11 U.S.C. § 502(d) unless Defendant has paid the Transfers to the Litigation Trust;

* * *

**Page 4 of 5** - COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03052-pcm    Doc 1    Filed 05/30/18

1         5.     Awarding the Litigation Trustee its reasonable costs incurred herein;

2 and

3         6.     Granting the Litigation Trustee such other and further relief as the

4 Court deems just and equitable.

5     DATED this 30th day of May, 2018.

6     TONKON TORP LLP

8     By */s/ Ava L. Schoen*
        Timothy J. Conway, OSB No. 851752
9         Ava L. Schoen, OSB No. 044072
        Attorneys for Mark Calvert, Litigation Trustee
10        of the Peak Web Litigation Trust

11 039090/00001/8998648v1

**Page 5 of 5** - COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

**EXHIBIT 1**

**Amur Equipment Finance, Inc.,
fka Axis Capital Inc.**

| Date of Payment | Amount of Payment |
|---|---|
| 3/30/2016 | $88,313.71 |
| 5/02/2016 | $33,904.57 |
| **TOTAL:** | **$122,218.28** |

EXHIBIT 1
Page 1 of 1

Case 18-03052-pcm    Doc 1    Filed 05/30/18