Jeanne Kallage Sinnott, P.C., OSB No. 075151
jeanne.sinnott@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Fax: 503.224.0155

Attorneys for Defendant
Amur Equipment Finance, Inc.,
fka Axis Capital Inc.

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>PEAK WEB LLC,<br><br>Debtor. | Case No. 16-32311-pcm11<br><br><br>Adv. Proc. No. 18-03052-pcm |
| MARK CALVERT, Litigation Trustee of the Peak Web Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>AMUR EQUIPMENT FINANCE, INC., fka Axis Capital Inc., a Nebraska corporation,<br><br>Defendant. | **DEFENDANT AMUR EQUIPMENT FINANCE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550** |

Defendant Amur Equipment Finance, Inc., fka Axis Capital Inc. ("Amur"), by and

through its undersigned attorneys, for its answer and affirmative defenses to the Complaint to

Page 1 - Defendant Amur Equipment Finance, Inc.'s Answer and Affirmative Defenses to
Complaint to Avoid and Recover Avoidable Transfers

4827-6382-1932.2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 18-03052-pcm    Doc 5    Filed 06/28/18

Avoid and Recover Avoidable Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint"), states as follows:

## JURISDICTION AND VENUE

**ALLEGATION NO. 1:**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 547 and 550.

**ANSWER:**

Amur neither admits nor denies the statements contained in Allegation No. 1 as they call for a legal conclusion to which no response is required. To extent that Allegation No. 1 requires an answer, Amur denies that this Court has jurisdiction because Plaintiff Mark Calvert, Litigation Trustee of the Peak Web Litigation Trust (the "Plaintiff") lacks standing to pursue the alleged claims asserted in the Complaint.

**ALLEGATION NO. 2:**

This is a core proceeding within the meaning of 28 U.S.C. § 157.

**ANSWER:**

Amur neither admits nor denies the statements contained in Allegation No. 2 as they call for a legal conclusion to which no response is required. To extent that Allegation No. 2 requires an answer, Amur admits that 28 U.S.C. § 157 addresses core proceedings and states that the statute speaks for itself.

**ALLEGATION NO. 3:**

Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**ANSWER:**

Amur neither admits nor denies the statements contained in Allegation No. 3 as they call for a legal conclusion to which no response is required. To extent that Allegation No. 3

Page 2 -   Defendant Amur Equipment Finance, Inc.'s Answer and Affirmative Defenses to Complaint to Avoid and Recover Avoidable Transfers

4827-6382-1932.2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 18-03052-pcm   Doc 5   Filed 06/28/18

requires an answer, Amur admits that 28 U.S.C. §§ 1408 and 1409 address venue and states that the statutes speaks for themselves.

**ALLEGATION NO. 4:**

The statutory bases for relief requested in this Complaint are 11 U.S.C. §§ 544, 547, and 550, and Federal Rule of Bankruptcy Procedure 7001.

**ANSWER:**

Amur neither admits nor denies the statements contained in Allegation No. 4 as they call for a legal conclusion to which no response is required. To extent that Allegation No. 4 requires an answer, Amur admits that 11 U.S.C. §§ 544, 547, and 550 address certain of the alleged claims in the Complaint and states that the statutes speaks for themselves.

## BACKGROUND AND PARTIES

**ALLEGATION NO. 5:**

On June 13, 2016 (the "Petition Date"), Peak Web LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

**ANSWER:**

Amur admits Allegation No. 5.

**ALLEGATION NO. 6:**

On April 14, 2017, this Court entered an Order Confirming Debtor's Revised Second Amended Plan of Reorganization (the "Plan'") dated February 10, 2017 [ECF No. 634]. Pursuant to Section 1.41 of the confirmed Plan, the Litigation Trustee has the proper authority to bring this action.

**ANSWER:**

Amur admits that on April 14, 2017, this Court entered an Order Confirming Debtor's Revised Second Amended Plan of Reorganization (the "<u>Plan</u>'") dated February 10, 2017 [ECF No. 634]. Amur denies the remaining statements contained in Allegation No. 6 and further states that the Plan speaks for itself.

Page 3 -   Defendant Amur Equipment Finance, Inc.'s Answer and Affirmative Defenses to Complaint to Avoid and Recover Avoidable Transfers

4827-6382-1932.2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 18-03052-pcm   Doc 5   Filed 06/28/18

**ALLEGATION NO. 7:**

Upon information and belief, Defendant is a Nebraska corporation doing business in Oregon.

**ANSWER:**

Amur admits Allegation No. 7.

**ALLEGATION NO. 8:**

Defendant either received transfers of property from Debtor during the Preference Period (as defined below) or was the beneficiary of such transfers.

**ANSWER:**

Amur admits that it received the transfers identified in Exhibit 1 to the Complaint, but denies any inference or allegation in the Complaint that the transfers identified on Exhibit 1 are preferential or avoidable.

**ALLEGATION NO. 9:**

Despite demand, Defendant has not paid to the Litigation Trustee the Transfers.

**ANSWER:**

Amur admits that it has not paid the transfers identified in Exhibit 1 to the Complaint to the Litigation Trustee, but denies any inference or allegation in the Complaint that it is obligated to pay such transfers to the Litigation Trustee.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## COUNT I

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

**ALLEGATION NO. 10:**

The Litigation Trustee realleges and incorporates by reference all prior paragraphs as if set forth fully herein.

Page 4 -   Defendant Amur Equipment Finance, Inc.'s Answer and Affirmative Defenses to Complaint to Avoid and Recover Avoidable Transfers

4827-6382-1932.2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 18-03052-pcm   Doc 5   Filed 06/28/18

**ANSWER:**

Amur incorporates by reference its answers to all prior paragraphs as if set forth fully herein.

**ALLEGATION NO. 11:**

On or within 90 days before the Petition Date (the "Preference Period"), Debtor transferred to Defendant property in which Debtor had an interest (individually and collectively, the "Transfers").

**ANSWER:**

Amur admits that it received the transfers identified in Exhibit 1 to the Complaint on or within 90 days before the Petition Date. As to all other remaining statements contained in Allegation No. 11, Amur is without knowledge or information sufficient to form a belief as to the truth of those statements and, therefore, denies same. By way of further response, Amur denies any inference or allegation in the Complaint that the transfers identified on Exhibit 1 are preferential or avoidable.

**ALLEGATION NO. 12:**

A schedule identifying the Transfers is attached as Exhibit 1 and incorporated by reference.

**ANSWER:**

Amur admits that it received the transfers identified in Exhibit 1 to the Complaint.

**ALLEGATION NO. 13:**

Each of the Transfers constitutes a transfer of an interest in property of Debtor.

**ANSWER:**

Amur is without knowledge or information sufficient to form a belief as to the truth of the statements contained in Allegation No. 13 and, therefore, denies same.

**ALLEGATION NO. 14:**

Defendant was a creditor of Debtor at the time of each Transfer.

Page 5 - Defendant Amur Equipment Finance, Inc.'s Answer and Affirmative Defenses to Complaint to Avoid and Recover Avoidable Transfers

4827-6382-1932.2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 18-03052-pcm    Doc 5    Filed 06/28/18

**ANSWER:**

Amur neither admits nor denies the statements contained in Allegation No. 14 as they call for a legal conclusion to which no response is required. To the extent a response is required, Amur admits that it was a creditor of the Debtor at the time one or more of the Transfers was made.

**ALLEGATION NO. 15:**

Each of the Transfers was made to or for the benefit of Defendant because the Transfers either reduced or fully satisfied a debt then owed by Debtor to Defendant.

**ANSWER:**

Amur neither admits nor denies the statements contained in Allegation No. 15 as they call for a legal conclusion to which no response is required. To the extent an answer is required, Amur admits that the Transfers reduced a debt then owed by Debtor to Amur.

**ALLEGATION NO. 16:**

Each of the Transfers was made for, or on account of, an antecedent debt owed by Debtor before such Transfers were made (the "Debt").

**ANSWER:**

Amur neither admits nor denies the statements contained in Allegation No. 16 as they call for a legal conclusion to which no response is required. To the extent an answer is required, Amur admits the Transfers reduced a debt then owed by Debtor to Amur.

**ALLEGATION NO. 17:**

At the time of the Transfers, Debtor was insolvent within the meaning of 11 U.S.C. § 101(32).

**ANSWER:**

Amur neither admits nor denies the statements contained in Allegation No. 17 as they call for a legal conclusion to which no response is required. To the extent an answer is

Page 6 - Defendant Amur Equipment Finance, Inc.'s Answer and Affirmative Defenses to Complaint to Avoid and Recover Avoidable Transfers

4827-6382-1932.2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 18-03052-pcm   Doc 5   Filed 06/28/18

required, Amur is without knowledge or information sufficient to form a belief as to the truth of the statements contained in Allegation No. 17, and, therefore, denies same.

**ALLEGATION NO. 18:**

The Transfers enabled Defendant to receive more than Defendant would have received if (a) Debtor's case was a case under Chapter 7 of the Code, (b) the Transfers had not been made, or (c) Defendant received payment on the Debt to the extent provided by the provisions of the Code.

**ANSWER:**

Amur denies Allegation No. 18.

**ALLEGATION NO. 19:**

Each of the Transfers constitutes an avoidable preference within the meaning of 11 U.S.C. § 547.

**ANSWER:**

Amur denies Allegation No. 19.

**ALLEGATION NO. 20:**

The Litigation Trustee is entitled to judgment against Defendant avoiding the Transfers under 11 U.S.C. § 547.

**ANSWER:**

Amur denies Allegation No. 20.

## COUNT II

### (Recovery of Transfers Pursuant to 11 U.S.C. § 550)

**ALLEGATION NO. 21:**

The Litigation Trustee realleges and incorporates all prior paragraphs of this Complaint as if set forth fully herein.

**ANSWER:**

Amur incorporates by reference its answers to all prior paragraphs as if set forth fully herein.

Page 7 -   Defendant Amur Equipment Finance, Inc.'s Answer and Affirmative Defenses to Complaint to Avoid and Recover Avoidable Transfers

4827-6382-1932.2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 18-03052-pcm   Doc 5   Filed 06/28/18

**ALLEGATION NO. 22:**

Defendant was the initial transferee of the Transfers, or the immediate or mediate transferee of the initial Transfers, or the person for whose benefit the Transfers were made.

**ANSWER:**

Amur admits Allegation No. 22.

**ALLEGATION NO. 23:**

The Transfers, to the extent they are avoided pursuant to 11 U.S.C. § 547, may be recovered by the Litigation Trustee pursuant to 11 U.S.C. § 550(a).

**ANSWER:**

Amur denies Allegation No. 23.

**ALLEGATION NO. 24:**

The Trustee is entitled to prejudgment interest.

**ANSWER:**

Amur denies Allegation No. 24

**AFFIRMATIVE DEFENSES**

In addition and without prejudice to its respective denials of the allegations in the Complaint and specifically disclaiming assumption of the burden of proof for any matter which operates as a negative defense rather than an affirmative defense, Amur states as and for its Affirmative Defenses, without waiver to the obligation of Plaintiff to prove each and every element of its claims, and pleading in the alternative, as follows:

**FIRST AFFIRMATIVE DEFENSE**

To the extent any portion of the transfers identified on Exhibit 1 to the Complaint are deemed a transfer of an interest of the Debtor's property, any such transfer was made in the "ordinary course of business" as set forth in Section 547(c)(2) because such transfer was in payment of a debt incurred by the Debtor in the ordinary course of the business or financial

Page 8 - Defendant Amur Equipment Finance, Inc.'s Answer and Affirmative Defenses to Complaint to Avoid and Recover Avoidable Transfers

4827-6382-1932.2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 18-03052-pcm Doc 5 Filed 06/28/18

affairs of the Debtor and Amur and was made (a) in the ordinary course of business or financial affairs of the Debtor and Amur or (b) according to ordinary business terms.

## SECOND AFFIRMATIVE DEFENSE

To the extent any portion of the transfers identified on Exhibit 1 to the Complaint are deemed a transfer of an interest of the Debtor's property, the Plaintiff's claims are barred because such transfers did not enable Amur to receive more than Amur would have received, assuming: (i) the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code, (ii) the transfers had not been made, and (iii) Amur received payment of its hypothetical antecedent debt pursuant to the provisions of the Bankruptcy Code.

## THIRD AFFIRMATIVE DEFENSE

To the extent any portion of the transfers identified on Exhibit 1 to the Complaint are deemed a transfer of an interest of the Debtor's property, any such transfer is or may be exempt from recovery, either in whole or in part, based on rights of setoff and/or recoupment.

## FOURTH AFFIRMATIVE DEFENSE

To the extent any portion of the transfers identified on Exhibit 1 to the Complaint are deemed a transfer of an interest of the Debtor's property, Amur gave "new value" to and for the benefit of the Debtor contemporaneously with any such transfer as set forth in Section 547(c)(1) of the Bankruptcy Code.

## FIFTH AFFIRMATIVE DEFENSE

The relief sought by the Plaintiff against Amur in the Complaint should be barred to the extent that the Complaint fails, in whole or in part, to state a claim against Amur upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to pursue the relief in the Complaint as the Plan states that avoidance actions remained with and may be pursued by the Reorganized Debtor (as that term is defined in the Plan and which such definition does not include the Plaintiff).

Page 9 -   Defendant Amur Equipment Finance, Inc.'s Answer and Affirmative Defenses to Complaint to Avoid and Recover Avoidable Transfers

4827-6382-1932.2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 18-03052-pcm   Doc 5   Filed 06/28/18

## SEVENTH AFFIRMATIVE DEFENSE

Amur will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend this Answer and Affirmative Defenses to include additional defenses after completion of discovery.

WHEREFORE, Amur requests this Court to enter judgment in its favor and against the Plaintiff, dismiss the Complaint, award Amur its costs and attorneys' fees incurred to the extent permitted under applicable law, and grant such other relief as is just and equitable.

DATED this 28th day of June, 2018.

MILLER NASH GRAHAM & DUNN LLP

*s/ Jeanne K. Sinnott, P.C.*
Jeanne Kallage Sinnott, P.C.
OSB No. 075151
jeanne.sinnott@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

Attorneys for Defendant Amur Equipment Finance, Inc., fka Axis Capital Inc. , a Nebraska corporation

Page 10 -  Defendant Amur Equipment Finance, Inc.'s Answer and Affirmative Defenses to Complaint to Avoid and Recover Avoidable Transfers

4827-6382-1932.2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 18-03052-pcm   Doc 5   Filed 06/28/18

I hereby certify that on the date indicated below, I electronically filed DEFENDANT AMUR EQUIPMENT FINANCE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 with the Clerk of the Court using CM/ECF system, which will send notification of such filing to:

- AVA L SCHOEN    ava.schoen@tonkon.com, leslie.hurd@tonkon.com

Dated this 28th day of June, 2018.

*s/ Jeanne K. Sinnott, P.C.*
Jeanne Kallage Sinnott, P.C., OSB No. 075151
Of Attorneys for Defendant
Amur Equipment Finance, Inc., fka Axis Capital
Inc., a Nebraska corporation

Page 1 -    Certificate of Service

4827-6382-1932.2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 18-03052-pcm    Doc 5    Filed 06/28/18